UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WIGGINS, JASON                                                                       PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:22-cv-260KHJ-MTP

DOUGLAS PRITCHETT,
RUAN LOGISTICS, CORPORATION,
SAFELITE FULFILLMENT, INC.,
SAFELITE SOLUTIONS, LLC,
SAFELITE GROUP, INC.
JOHN DOE ENTITIES 1-5, AND JOHN DOE
PERSONS 1-5                                                                          DEFENDANTS



## COMPLAINT
(Trial by Jury Requested)

COMES NOW, Plaintiff Jason Wiggins, by and through counsel, files this Complaint against Defendant Douglas Pritchett ("Pritchett"), Defendant Ruan Logistics, Corporation, Defendant Safelite Fulfillment, Inc., Defendant Safelite Solutions, LLC, Defendant Safelite Group, Inc., Defendant John Doe Entities 1-5, and Defendant John Doe Persons 1-5 for a motor vehicle accident on July 10, 2019.

**I.     Parties**

1.    Plaintiff Jason Wiggins ("Plaintiff") is an adult who resides in Meridian, MS 39301 in Lauderdale County, Mississippi.

2.    Defendant Douglas Pritchett ("Pritchett") is an adult who resides in Cropwell, Alabama, in St. Clair County, Alabama.

3.    Defendant Ruan Logistics, Corporation ("Ruan") is a foreign corporation whose agent of process is C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. The principal office is located at 666 Grand Ave, Des Moines, IA 50309.

4. Defendant Safelite Fulfillment, Inc. is a foreign corporation whose agent of process is Corporation Service Company, located at 109 Executive Drive, Suite 3 Madison, MS 39110, and the principal office is located at 7400 Safelite Way, Columbus, OH 43235.

5. Defendant Safelite Solutions, LLC is a foreign corporation whose agent of process is Corporation Service Company, located at 109 Executive Drive, Suite 3 Madison, MS 39110, and the principal office is located at 7400 Safelite Way, Columbus, OH 43235.

6. Defendant Safelite Group, Inc. is a foreign corporation whose principal office is located at 7400 Safelite Way, Columbus, OH 43235.

7. Defendant Safelite Fulfillment, Inc, Defendant Safelite Solutions, LLC, and Defendant Safelite Group, Inc. will be referenced collectively as Safelite Defendants.

8. John Doe Entities 1-5 are any unknown companies who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as named defendants when their identities become known.

9. John Doe Persons 1-5 are any unknown persons who may have been responsible for or contributed to the negligence alleged herein. They may be added as named defendants when their identities become known.

10. This Court has jurisdiction over the parties and subject matter herein under 28 USC § 1332 as the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different States.

11. Venue is proper in this Court under 28 USC § 1391(1)-(2), as Defendant Ruan, Defendant Safelite Group, and Defendant Safelite Fulfillment, Inc. have their agents of process located in this district, and the motor vehicle accident giving rise to the claims herein occurred in this district.

## II. Facts

12. On or about July 10, 2019, Plaintiff was unloading one-ton rocks at Love's Truck Stop at 113 Will Garrett Road, Toomsuba, MS 39364, from his thirty-two-foot trailer with his John Deere tractor. Defendant Pritchett, driving a tractor-trailer, collided with Plaintiff's tractor by turning too close to Plaintiff. Defendant Pritchett's trailer hooked on the rim of Plaintiff's tractor and dragged his tractor against his new trailer for about ten to fifteen feet. After the collision, Plaintiff asked Defendant Pritchett what was wrong with him. Defendant Pritchett apologized and responded that he saw his trailer make contact with him, but he thought Plaintiff would move out of the way. Plaintiff could not avoid Defendant Pritchett's tractor-trailer because Plaintiff's tractor was pinned against his trailer.

## III. Count One - Negligence

13. All allegations in the preceding paragraphs are incorporated hereto as if fully set forth herein.

14. Defendant Pritchett owed Plaintiff the following duties:

   a. The duty to obey all traffic signs and signals;

   b. The duty to have kept such lookout as an ordinary and prudent person would have kept for his or her safety and the safety of other persons under the conditions existing immediately before and at the time and place of said collision;

   c. The duty to maintain proper control of his motor vehicle at all times and thus avoid injuring others or damaging their property; and,

3

d. The duty to have made a reasonable effort to have operated his motor vehicle in a manner that would not have caused him to strike Plaintiff's s vehicle with his vehicle.

15. Defendant Pritchett the duties he owed Plaintiff as set forth in the preceding paragraphs, and such failure, violation, and breach constituted negligence on the part of Defendant Pritchett while operating his vehicle.

16. As a direct and proximate result of the above acts of negligence and breaches of legal duties owed to him by Defendant Pritchett, Plaintiff suffered compensatory damages, including, but not limited to the following:

a. Damage to Plaintiff's property;

b. Psychological, emotional, and mental suffering;

c. Hospital bills, doctor bills, prescription medication bills, and other medical and medical-related expenses;

d. Physical injuries;

e. Lost wages, and

f. Loss of enjoyment of life.

### IV.   Count Two - Negligent Entrustment of Vehicle

17. All allegations in the preceding paragraphs are incorporated hereto as if fully set forth herein.

18. Negligent entrustment occurs when an owner of a vehicle supplies the vehicle to a driver of the vehicle when that owner knew or should have known that the driver poses an unreasonable risk of physical harm to others. See *Sligh v. First Nat'l Bank of Holmes County*, 735 So.2d 963, 969 (Miss. 1999) quoting Restatement (Second) of Torts § 390).

19. Defendant Ruan and/or the Safelite Defendants acted negligently by entrusting its vehicle to Defendant Pritchett because they knew or should have known that Defendant Pritchett posed an unreasonable risk of physical harm to Plaintiff.

20. As a direct and proximate result of the above acts of negligence and breaches of legal duties owed to him by Defendant Ruan and/or the Safelite Defendants, Plaintiff suffered compensatory damages, including, but not limited to the following:

   a. Damage to Plaintiff's property;

   b. Psychological, emotional, and mental suffering;

   c. Hospital bills, doctor bills, prescription medication bills, and other medical and medical-related expenses;

   d. Physical injuries;

   e. Lost Wages; and

   f. Loss of enjoyment of life.

## V. Count Three – Respondeat Superior

21. All allegations in the preceding paragraphs are incorporated hereto as if fully set forth herein.

22. Under the doctrine of respondeat superior, an employer may be liable for the acts of his employee if the acts are done in the course of employment and in furtherance of the employer's business. *Children's Med. Group, P.A. v. Phillips*, 940 So. 2d 931, 935 (Miss. 2006) (citing *Sandifer Oil Co. v. Dew*, 71 So. 2d 752, 758 (1954)).

23. Defendant Ruan and/or the Safelite Defendants are liable for Defendant Pritchett's collision with Plaintiff because Defendant Pritchett's acts were done in the course of employment and in furtherance of the employer's business.

24. As a direct and proximate result of the above acts of negligence and breaches of legal duties owed to him by Defendant Ruan and/or the Safelite Defendants, Plaintiff suffered compensatory damages, including, but not limited to the following:

    a. Damage to Plaintiff's property;

    b. Psychological, emotional, and mental suffering;

    c. Hospital bills, doctor bills, prescription medication bills, and other medical and medical-related expenses;

    d. Physical injuries;

    e. Lost Wages, and;

    f. Loss of enjoyment of life.

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a judgment of, from, and against Defendants for compensatory damages, punitive damages, and attorneys' fees in an amount within the jurisdictional limits of this Court. Plaintiff also requests costs and expenses associated with the prosecution of this matter, prejudgment and post-judgment interest as permitted by law, and for any further relief that this Court may deem just and proper.

RESPECTFULLY SUBMITTED on May 17, 2022.

By: *Brent Hazzard*
Brent Hazzard, MSB #99721
Emily Bradley, MSB #104523
Schwartz & Associates, P.A.
162 E. Amite Street (39201)
Post Office Box 3949
Jackson, Mississippi 39207-3949
T: (601) 988-8888
F: (601) 948-3822
bhazzard@1call.org
ebradley@1call.org